Argued and submitted April 11, affirmed December 24, 1997

In the Matter of the Compensation of
Dana Quackenbush, Claimant.

Dana QUACKENBUSH,
*Petitioner,*

*v.*

ROGUE VALLEY MEDICAL CENTER,
*Respondent.*

(95-05061; CA A93055)

951 P2d 201

Roger Ousey argued the cause for petitioner. With him on the brief was Bischoff, Strooband & Ousey.

Adam T. Stamper argued the cause and filed the brief for respondent.

David L. Runner filed a brief *amicus curiae* for SAIF Corporation, South Hills Health Care Center and Highland Laboratories, Inc.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of a decision of the Workers' Compensation Board in which the Board reduced claimant's unscheduled permanent partial disability award from 36 percent to 28 percent. Claimant's petition raises two issues. He argues that the Board erred by applying *amended* ORS 656.283(7)[1] retroactively to his claim, which was in existence at the time of the 1995 changes to the Workers' Compensation Law. Claimant further argues that the Board's refusal to consider his hearing testimony was a denial of due process under the Oregon and United States Constitutions. Claimant raises those issues for the first time on review and we decline, therefore, to address them. *Wall v. Raising Preschool, Inc.*, 126 Or App 170, 171, 866 P2d 525 (1994).

Affirmed.

---

[1] ORS 656.283(7) provides, in part:

"Evidence on an issue regarding a notice of closure or determination order that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing, and issues that were not raised by a party to the reconsideration may not be raised at hearing unless the issue arises out of the reconsideration order itself."